N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSEPH R. TOMELLERI,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**REEL EASY FISHING, LLC,**<br>Serve:<br>Troy Harris<br>7641 State Highway 199<br>Ardmore, Oklahoma 73401<br><br>　　　　**Defendant.** | **Civil Action:** 19-cv-423-RAW<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff" or "Tomelleri") and, for his Complaint against Defendant Reel Easy Fishing, LLC ("Defendant" or "Clearwater") alleges and states as follows:

### JURISDICTION AND VENUE

1.　This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for removal or alteration of copyright management information.

2.　This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3.　This Court has personal jurisdiction over Defendant because Defendant is organized in this State.

4.　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district.

### PARTIES

5.　Plaintiff is an adult individual and a resident of the State of Kansas.

6. Defendant is a limited liability company duly organized in the State of Oklahoma.

7. Defendant's registered office is at 7641 State Highway 199, Ardmore, Oklahoma 73401.

8. Defendant may be served via its registered agent, Troy Harris, 7641 State Highway 199, Ardmore, Oklahoma 73401.

## PLAINTIFF'S BACKGROUND AND WORKS

9. Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

10. Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

11. Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

12. For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

13. Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better understand fish and their changing ecosystems. They value Plaintiff's hand-drawn work over photographs because of Plaintiff's technique in depicting color patterns, fin arrangements and other significant diagnostic characteristics of a particular fish species in a particular life cycle.

14. Plaintiff's work is identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium.

15.     Plaintiff uses information gained from observing the fish in addition to his own skill and judgment to create illustrations which capture the significant diagnostic characteristics of each fish.

16.     Plaintiff is the owner of the website www.americanfishes.com ("Plaintiff's Website") where prints of his illustrations are available for purchase. Plaintiff's Website contains digital reproductions of Plaintiff's illustrations available for sale. Each image prominently displays one or more copyright notices as in the below example.



*Example of one of Plaintiff's illustration on Plaintiff's Website*

17.     Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that include the fish at issue in this case (the "Work").

18.     Plaintiff is and always has been the exclusive owner of the Work.

19.     The Work is covered by a copyright registration owned by Plaintiff.

20.     The following table individually lists Plaintiff's Work at issue and the corresponding registration information.

| No. | Illustration | Reg. # | Reg. Date |
|---|---|---|---|
| 1 | Striped Bass | VA 1 799 485 | 05/26/2011 |

21. Plaintiff's website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

22. As can be seen above and on Plaintiff's Website, Plaintiff's original illustrations typically display copyright management information prominently in at least two locations; to the bottom right corner of the illustration the phrase "©2016 Joseph R. Tomelleri" is displayed, and directly below the illustration the title of the work and Plaintiff's name is displayed. In some instances, the indication that Plaintiff is the illustrator is present elsewhere near the image.

23. Similar copyright management information is typically provided in connection with Plaintiff's works in the original publication in which they are featured.

24. Copyright management information may also be present in the metadata of electronic copies of each of Tomelleri's illustrations

25. Plaintiff's copyright management information is written in clear, bold, large font which is easily seen by anyone viewing Plaintiff's work. Such copyright management information immediately indicates the title of the work, Plaintiff as the author of the work, and Plaintiff as the holder of the copyrights in the work.

26. Such copyright management information is typically provided in connection with all of Plaintiff's works in whatever form, digital or print, such work is published.

## DEFENDANT'S CONDUCT

27. Founded in 2017, Defendant is a limited liability company transacting business as a fishing guide for its customers on Lake Texoma in Oklahoma.

28. In order to advertise and promote its business, Defendant owns and operates the website with the URL address www.reeleasyfishing.com. ("the Website").

29. Upon information and belief, the Website is distributed nationwide and viewable by any individual with internet access.

30. The Website is used by Defendant for commercial purposes, including advertising, promoting, and transacting its business.

31. Plaintiff discovered that Defendant, without authorization, reproduced and displayed at least one (1) of his illustrations on the Website – to wit, the Work.

32. Upon information and belief, Defendant modified the Work, creating a derivative work of the Work.

33. Upon information and belief, the Work reproduced and displayed on the Website was viewed by individuals all over the country.

34. Upon information and belief, the Work was used by Defendant to advertise, promote and transact its business as a fishing guide.

35. Upon information and belief, Defendant drove traffic to its Website and as a result obtained business transactions as a result of its infringing use of the Works.

36. Upon information and belief, Defendant derived revenue as a result of its infringing use of the Work.

37. Upon information and belief, Tomelleri's typical copyright management information was present on or near the Work when it was appropriated by Defendant.

38. In displaying the Work, Defendant did not provide any of Plaintiff's copyright management information.

39. Upon information and belief, Defendant intentionally removed all of Plaintiff's copyright management information which was previously present on and near the Work.

40. Defendant provided its own copyright management information in connection with the Work.

41. Upon information and belief, Defendant intentionally affixed these marks, attributing the Work to Defendant.

42. The copyright management provided by Defendant in association with the Works is false.

43. Upon information and belief, Defendant knew such copyright management information was false.

44. Upon information and belief, Defendant provided such false copyright management information to conceal their own infringement.

## COUNT I - COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

45. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

46. Plaintiff has valid copyrights and copyright registrations for the Work.

47. Defendant has infringed Plaintiff's copyrights in his Work by preparing derivative works based upon the Work and by reproducing and publically displaying unauthorized copies of the Work within the United States of America in violation of 17 U.S.C. § 101, *et seq*

48. To the extent that Defendant does not acknowledge copying the Work, Defendant had access to the Work and the image used by Defendant are substantially similar to the Work.

49. In fact, the images used by Defendant are strikingly similar to the Work.

50. As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

### COUNT II - VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
### (17 U.S.C. § 1202)

51. Plaintiff restates the allegations contained in the preceding paragraphs as if fully set forth herein.

52. Plaintiff's Work contained copyright management information as defined in 17 U.S.C. § 1202(c).

53. Defendant has intentionally removed such copyright management information from Plaintiff's Work, without permission in violation of 17 U.S.C. § 1202(b).

54. Defendant has knowingly and intentionally provided copyright management information for Plaintiff's Work that is false and has distributed copyright management information for Plaintiff's Work that is false in violation of 17 U.S.C. § 1202(a).

55. Defendant has provided and distributed such false copyright management information with the intent to conceal their own infringement of the Work and induce, enable, and facilitate others' infringement of the Work.

56. By reason of Defendant's conduct, Defendant has made it difficult for Plaintiff to discover the infringement.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendant as follows:

a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyright.

b. Under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such

terms as it may deem reasonable, of any records or material involved in Defendant's copyright infringement.

  c. Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendant, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed.

  d. Under 17 U.S.C. § 505, award costs to Plaintiff;

  e. Under 17 U.S.C. § 505, award Plaintiff's reasonable attorneys' fees to Plaintiff.

  f. Under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunctions on such terms as it deems reasonable to prevent or restrain a further violation;

  g. Under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as it deems reasonable, any device or product that is in the custody or control of Defendant that the court has reasonable cause to believe was involved in a violation;

  h. Under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendant's in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation.

  i. Under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendant is found to have violated § 1201 or § 1202 within the past three years.

  j. Under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

  k. Under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

  l. Under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendant or has been impounded under paragraph 17 U.S.C. § 1203(b)(2).

  m. Awarding Plaintiff all available pre-judgment and post-judgment interest on all

amounts of any judgment; and

    n. Grant to Plaintiff such further relief as may be equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

**WHITWORTH, WILSON & EVANS, PLLC**

/s/Brandon P. Wilson
Brandon P. Wilson, OBA No. 19599
3847 South Boulevard, Suite 100
Edmond, Oklahoma 73013
405-415-4222   Telephone
405-578-4175   Facsimile
brandon@wwefirm.com

and

**EVANS & DIXON, LLC**

/s/Scott J. Strohm
(*signed by Filing Attorney with Permission of Mr. Strohm*)
Scott J. Strohm (*pro hac vice* motion forthcoming)
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913-701-6810
Facsmile: 913-341-2293
Email: copyright@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF**